Robert J. **ROBISON**, Plaintiff–Appellee,

v.

State of **NEVADA**; Nevada Department of Prisons, Defendants–Appellants.

No. 99–17628.

D.C. No. CV 97–458 DWH.

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2001.[*]

Decided May 4, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before REINHARDT, TASHIMA, and BERZON, Circuit Judges.

## MEMORANDUM **

The State of Nevada and its Department of Prisons (collectively "NDOP") appeal the district court judgments in favor of Appellee Robert Robison. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Robison, a former correctional officer, sued the NDOP under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12117 ("ADA"). The NDOP had terminated Robison after he underwent back surgery. A jury found the NDOP liable and awarded Robison $200,000 in compensatory damages and $248,000 in future lost wages. The district court also awarded Robison $140,000 in back pay.[1]

In *Bd. of Trustees of Univ. v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), the Supreme Court held that suits against states seeking money damages under the ADA are barred by the Eleventh Amendment. *Id.*, 531 U.S. 356, 121 S.Ct. at 967–68. Robison argues, however, that the NDOP waived its Eleventh Amendment immunity because it "never raised the issue of Eleventh Amendment immunity in the District Court." The record does not support this contention. In its answer to Robison's complaint, the NDOP expressly asserted its Eleventh Amendment immunity. Therefore, the NDOP did not waive the defense. *See Hill v. Blind Indus. & Servs.*, 179 F.3d 754, 763 (9th Cir.1999) ("we concluded that Hawaii had not waived its Eleventh Amendment immunity, emphasizing that the state specifically asserted that defense in its answer to the complaint").

The judgments[2] of the district court are vacated, the case is remanded, and the district court is directed to dismiss the action for lack of jurisdiction. Each party shall bear his or its own costs on appeal.

VACATED and REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Except for the award of back pay, the district court did not address Robison's other claims for equitable and injunctive relief. As Robison asserts no claim of error on these claims, we also do not address them.

2. The district court entered two judgments, one on the jury verdict on September 30, 1999, and another on its award of back pay on October 20, 1999.